UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB ANDREW BERGERON,

                Petitioner,

       -against-

DIANNE DAVIS, et al.

                Respondents.

21-CV-6767 (LTS)

ORDER DIRECTING ORIGINAL
SIGNATURE AND IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, proceeding *pro se*, brings this petition for a writ of *habeas corpus*. He submitted the petition without a signature and without payment of the $5.00 filing fee or a request for authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court directs Petitioner to complete and submit a declaration form attesting he is the person bringing this action, and either pay the filing fee or complete and submit an IFP application within thirty days.

    Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). In addition, to proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must pay a $5.00 filing fee or submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    To cure the petition's lack of signature, within thirty days of the date of this order Petitioner is directed to complete, sign, and submit to the Court a declaration form in which he

attest that he is the party who brings this action. Petitioner is further directed to either pay the $5.00 filing fee for a *habeas corpus* action or complete and submit the attached IFP application.

A declaration form and IFP application are attached to this order. If Petitioner submits the documents, each should be labeled with docket number 21-CV-6767 (LTS). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

## CONCLUSION

Petitioner is directed to complete and submit the attached declaration and either pay the $5.00 filing fee or complete and submit the attached IFP application within thirty days. No summons shall issue at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: August 13, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge